```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION

ELLEN SCHAAF,                       :
                                    :
        Plaintiff,                  :
                                    :
        v.                          :   CIVIL ACTION NO.
                                    :   1:04-CV-2346-GET-CCH
SMITHKLINE BEECHAM CORPORATION      :
d/b/a   GlaxoSmithKline    and      :
GLAXOSMITHKLINE,                    :
                                    :
        Defendants.                 :
```

**O R D E R**

The above-captioned employment discrimination action is before the Court on Plaintiff's Motion to Compel Discovery [46], Defendants' Motion for Protective Order [74], Defendants' Motion to Compel Discovery [86], Plaintiff's Second Motion to Compel Discovery [87], Plaintiff's Motion for Leave to Submit Expert Report Following Resolution of Plaintiff's Motions to Compel Discovery [90], Plaintiff's Third Motion to Compel Discovery [100], Plaintiff's Motion to Compel Production of Documents [108], Defendants' Motion to Strike [117], and Plaintiff's Motion to File Exhibits Under Seal [119].

The parties fully briefed the issues, and the Court heard oral arguments on the motions on January 18, 2006. Counsel for the parties met subsequent to the hearing to resolve remaining

issues. Based on the parties' briefs, oral arguments and agreements, the Court hereby **ORDERS** as follows:

I.      Plaintiff's Motion to Compel Discovery [46] is **GRANTED IN PART AND DENIED IN PART**. Defendant is **DIRECTED**, within sixty (60) days of this Order, to provide:

   A.  For all Regional Vice Presidents ("RVPs") nationwide dating from January 2001 through January 2006, the following compensation information:  each RVP's salary, bonuses, stock options, gender, age, education, tenure with GSK, location, job grade, business specialty, number of District Sales Managers ("DSMs") the RVP supervised and the gross sales for the RVP's region.  After production of such information, Plaintiff will determine which of these RVPs she believes to be a comparator for purposes of her compensation discrimination claims under Title VII and the Equal Pay Act, and may then request additional discovery about those persons.  If the parties can not agree on the scope of that additional discovery, they will call the Court and seek a ruling before filing any motion to compel or motion for protective order.

   B.  For all Regional Vice Presidents ("RVPs") under the supervision/chain of command of Stan Hull in the "Research Triangle Park Pharma" business unit dating from January 2001

through January 2006, documents, if available, evidencing any coaching and counseling, verbal warnings, written warnings, incident reports, performance improvement plans, suspensions, and/or demotions imposed upon the RVP.  Defendants will also produce documents identifying any formal complaints made by these RVPs to Human Resources.

    C.    Defendant will provide the budget information and, to the extent they exist, the documents that its counsel promised to provide in its letter of July 1, 2005, for all RVPs who were under the supervision/chain of command of Lisa Gonzalez.

    D.    During the extended fact discovery period, Plaintiff may ask to and, if necessary move to, re-open depositions of witnesses Plaintiff believes to have knowledge regarding documents that Defendant has produced or will produce following the conclusion of their original depositions.  At such depositions, Plaintiff shall not inquire into topics upon which the deponent has previously been deposed except to the extent that Plaintiff reasonably thinks that information produced thereafter is inconsistent with, or different from, previous testimony.

    E.    During the extended fact discovery period, either party may also engage in further discovery (subject to the limits set

herein on persons previously deposed) regarding information and documents the other party produces under this Order.

 F. During the extended fact discovery period, each party will provide the other with a privilege log reflecting all responsive documents (regardless of the specific requests to which they are responsive) that the responding party is withholding based on privilege.

 G. The parties shall confer in good faith during the extended fact discovery period in an effort to reach agreement on what, if any, additional discovery is required as a result of this Order.

II. Defendant's Motion for Limited Protective Order [74] is **WITHDRAWN**, but Defendant retains the right to re-file the motion if necessary.  (See the related discussion of Plaintiff's Second Motion to Compel Discovery, below.)

III. Defendant's Motion to Compel Discovery [86] is **GRANTED IN PART and DENIED IN PART**.

 Defendant may re-open the deposition of Plaintiff Ellen Schaaf at a mutually agreeable time and place for no more than four hours (excluding time in breaks).  During the re-opened deposition, however, Defendant may only inquire into matters

4

reasonably related to the topics and information contained in the documents and cassette tapes Plaintiff produced after the conclusion of her original deposition, which took place on August 30-31, 2005.

Defendant shall not inquire into topics upon which Plaintiff has previously been deposed except to the extent that Defendant reasonably thinks that information produced thereafter is inconsistent with, or different from, her previous testimony.

Plaintiff is **DIRECTED** to submit a complete answer to Defendant's Interrogatory No. 5 regarding her damages to the best of her ability within thirty (30) days after the receipt of the information contained in paragraph I above and to update that answer within thirty (30) days of the close of expert discovery.

IV.     Plaintiff's Second Motion to Compel Discovery [87] is **WITHDRAWN**, but Plaintiff retains the right to re-file the motion if necessary.

Within 15 days of the date of this Order, Plaintiff may serve written discovery upon Defendant seeking answers to those questions that were covered by Plaintiff's Rule 30(b)(6) notice and posed during the Rule 30(b)(6) deposition of Defendant's

5

corporate designee Cynthia Kelly that Plaintiff contends Kelly did not sufficiently address during her Rule 30(b)(6) deposition. Defendant will serve its responses, including any objections, within 30 days thereafter.

If, after reviewing Defendant's responses, Plaintiff believes that further deposition time is required of Defendant's designated representative, Plaintiff may seek to re-open the Rule 30(b)(6) deposition, at a mutually agreeable time and place, to inquire into the remaining topics.

If at any time during the parties' attempts to confer in good faith, their attempts are unsuccessful, the parties may then contact the Court for assistance in reaching resolution.

During future depositions, counsel for the parties are to make objections only to the form of the question or to protect a privilege. Counsel may instruct witnesses during lunch breaks or other reasonable breaks in the course of the deposition (not more than one fifteen minute break every two hours except in extraordinary circumstances), but not while any question is pending.

Defendant will make available to Plaintiff's counsel the complete personnel file of Lisa Gonzalez for attorneys'-eyes-only review, at a mutually agreeable time,

within 30 days of the date of this Order, at the offices of King & Spalding, LLP. Plaintiff may request copies of documents in the file and Defendant may designate such copies as confidential and/or attorneys' eyes only. If there is a disagreement about the discoverability of the requested documents, the parties will call the Court so that the issue may be resolved via a telephone conference.

V.     Plaintiff's Motion for Leave to Submit Expert Report Following Resolution of Plaintiff's Motions to Compel Discovery [90] is **GRANTED**. Both parties shall be entitled to submit expert reports, pursuant to Federal Rule of Civil Procedure 26(a)(2), during the expert discovery period, which will follow the extended fact discovery period. Plaintiff shall be required to submit her expert report by June 1, 2006. Plaintiff shall make her expert available for deposition by Defendant on or before June 30, 2006. Defendant shall designate any expert(s) it intends to call as a witness and submit its expert report(s) by August 1, 2006. Plaintiff may then take the deposition of Defendant's expert(s) at a mutually agreeable time and place, on or before September 1, 2006. All reports and depositions shall be scheduled so that all expert witness discovery is concluded prior to the close of the extended discovery period.

VI.     Plaintiff's Third Motion to Compel Discovery [100] is **GRANTED IN PART, WITHDRAWN IN PART, AND DENIED IN PART**.  To the extent not already encompassed by the Court's Order in paragraph I, within thirty (30) days of the date of this Order, Defendant is **DIRECTED** to submit documents, if any, containing the resumes of any Market Development Managers reporting to RVP's under the supervision/chain of command of Stan Hull in the "Research Triangle Park Pharma" business unit during the period January 2001 through January 2004.

VII.    Plaintiff's Motion to Compel Discovery and to Enforce Subpoena Duces Tecum [108] is **WITHDRAWN**, but Plaintiff retains the right to re-file the motion if necessary.

VIII.   Defendant's Motion to Strike Plaintiff's Expert Designation [117] is **DENIED** in accordance with the Court's ruling on Plaintiff's Motion to Submit Expert Report Following Resolution of Plaintiff's Motions to Compel Discovery.

IX.     Plaintiff's Motion to File Exhibits Under Seal [119] is **GRANTED** as unopposed.  The Clerk of Court is **DIRECTED** to file under seal Exhibits D and E to Plaintiff's Reply Brief in Support of Her Third Motion to Compel Discovery.

X.      Plaintiff and Defendant will supplement their responses and production through the time of trial, as necessary.

XI.     With respect to any discovery requests covered in a motion to compel or for a protective order addressed by this Order, if individual requests are not specifically addressed in this Order, the Court considers them **WITHDRAWN**, with the right to re-file if, after consultation among themselves and ultimately with the Court, the parties are unable to resolve their dispute.

XII.    The Scheduling Order is **AMENDED** as follows:[1]

- The period for fact discovery is re-opened and extended through and including April 28, 2006.

- The period for expert discovery will run from May 1, 2006 through and including September 1, 2006.

- Dispositive motions, if any are filed, will be due by October 13, 2006.

---

[1] The Court is cognizant of the fact that this discovery schedule is tighter than that to which the parties agreed, but as this case is not a consent case, the Court is limited in the length of the extensions it may grant because of the provisions of the Civil Justice Reform Act which requires that this action be tried within three years of its filing.

- The page limitation for dispositive motions, if any, is extended to 50 pages and the page limitation for responses is extended to 50 pages.

IT IS SO ORDERED this 31st day of January, 2006.

/s/ *C. Christopher Hagy*
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE