```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION

ELLEN SCHAAF,                    :
                                 :
          Plaintiff,             :
                                 :
     v.                          :    CIVIL ACTION NO.
                                 :    1:04-CV-2346-GET-CCH
SMITHKLINE BEECHAM CORPORATION   :
d/b/a   GlaxoSmithKline  and     :
GLAXOSMITHKLINE,                 :
                                 :
          Defendants.            :
```

**O R D E R**

This matter is now before the Court for resolution of a number of discovery issues. Pursuant to the Court's January 31, 2006 Order, the parties requested and obtained a hearing, outlined the issues in advance in writing, and the Court heard extensive oral argument on June 14, 2006.

At that time the Court made tentative rulings and asked the parties to prepare a joint order incorporating these rulings. The parties have been unable to do so. On further consideration, and based on the parties' submissions, oral arguments, and consideration of the record, the Court has modified some of its tentative rulings and hereby **ORDERS** as follows:

I.     By **July 14, 2006**, Defendant is **DIRECTED** to provide to Plaintiff the information specified in paragraph II below with respect to the following persons:

    Jay Schwartz
    Timothy Arendt
    Kenneth Gray
    Salvatore Paolella
    Harry Bradford
    Matthew Burke
    John O'Connor
    Julie Murray
    Shannon Heath
    William Pasek
    Roger Selvey
    Mark Thompson
    Kenneth Tyma
    Gregg Peterson
    George Esgro
    Kristie Callis Johnson
    Fred Gregg
    Louis Esgro
    Patricia Schwab
    Mark Glackin
    Michael Bennett
    Michael Delea
    Julie Wade
    Jerry Jones
    Mikel Marshal
    Joseph Abdalla
    Ellen Schaaf
    Steven Wesley Rhoads
    Milton Ambrose
    Albert Gianchetti
    David Fields
    Sandra Weatherly
    Gerald Mosely
    Douglas Havely
    Milton Evans
    Mark Smith
    Anne Whitaker
    Michael Williams
    Jim Indermill
    Nathan Simms

        Stephen Doan
        Albert Goeken
        Richard Barbato
        John Graham
        Stephen Sullivan
        Richard Keenan
        Matthew Battin
        Robert Krebill
        Leigh Milner
        Lafmin Morgan
        Robert Jagt
        Frank Leonard
        Dwayne Fletcher
        Stephanie Trotter
        Mitchell Johnson
        Thomas Laughery
        Alfred Thompson
        Paul Field
        Jeffrey Holland
        Jack Planchard
        Ahmed Syed
        Brian Washburn
        Scott Sproull
        Court Horncastle
        Chris Hanson

II.    With respect to each of the persons identified in paragraph I, for the period January 1, 2001, through June 1, 2003, Defendant will provide to Plaintiff:

    A.    A verified statement of Defendant's reasons for the base salary and other pay differences between such persons and Plaintiff;

    B.    All documents relating to any reason for all differences in compensation paid to such persons and Plaintiff;

3

C.  Performance ratings and performance reviews;

D.  With respect to such persons identified in paragraph I who were at any time under the supervision/chain of command of Stan Hull in the "Research Triangle Park Pharma" business unit, all documents dating from January 1, 2001, through January 31, 2006 evidencing any coaching and counseling, verbal or written warnings, incident reports, performance improvement plans, suspensions and/or demotions (see paragraph I.B of the Court's Order of January 31, 2006);

E.  Salary reviews;

F.  "My Company Profiles" pages (in the form attached to Defendant's proposed order forwarded to the Court in its letter of June 19, 2006, to the extent such pages exist or can be produced from data currently available to Defendant in electronic form);

G.  Quarterly reports in the form of Exhibit "K" to Plaintiff's Statement of the Issues for the June 14, 2006 Hearing (detailing the quarterly sales targets, the quarterly prorated bonus, the quarterly target

        achieved percentage, and the RVPs' quarterly and year-to-date rankings within the region); and

    H.    For those persons in the supervisory chain of Lisa Gonzalez, documents regarding any investigation of such person (this should be a subset of the documents produced under sub-paragraph D above).

III.    Defendant is **DIRECTED** to provide to counsel for Plaintiff, by **July 14, 2006**, all documents created between January 1, 1999, and December 31, 2001, which refer or relate to the American Express Gift Card and Program in connection with budgets allowed or allocated to any RVP working under the supervision/chain of command of Lisa Gonzalez (or her predecessors).

IV.    During the extended fact discovery period, the parties may agree upon additional discovery (including depositions) regarding the information and documents produced under this Order. To the extent the parties are unable to reach agreement on such additional discovery, they are **DIRECTED** to contact the Court prior to filing any discovery-related motions.

5

V.    The documents designated "Attorneys Eyes Only" by Defendant will remain so designated until after a ruling on any motion(s) for summary judgment.  Prior to such, Plaintiff may review any documents Defendant designated "Attorneys' Eyes Only" at any time in the presence of her counsel, but may not take any notes, record, transcribe or otherwise reduce the information in the document(s) to tangible form or be given a copy of any such document(s).  Subsequent to a ruling on motions for summary judgment, if any, if any of Plaintiff's claims survive, then Plaintiff will be entitled to review any such documents previously designated "Attorneys Eyes Only" outside of the presence of her counsel but subject to the Consent Protective Order which shall otherwise remain in full effect.

VI.   Defendant is **DIRECTED** to provide within thirty (30) days of the date of this Order complete answers to Plaintiff's Interrogatories to SmithKline Beecham Corporation d/b/a GlaxoSmithKline Related to the Uncompleted Rule 30(b)(6) Deposition of Cynthia Kelly, Nos. 1(i) and 2(h).

VII.  Plaintiff's request that Defendant be compelled to respond to Plaintiff's Interrogatories to SmithKline Beecham Corporation d/b/a GlaxoSmithKline Related to the

6

        Uncompleted Rule 30(b)(6) Deposition of Cynthia Kelly, Nos. 1(g), 2(g), 5(f), 9(g), 10(b) and 15 is **DENIED**.

VIII.  The motions by Plaintiff and Defendant regarding the sufficiency of the entries on the other party's privilege log are **DENIED**. Each party is **DIRECTED** to provide to the other party within seven (7) days of the date of this Order a statement regarding whether the documents listed on each party's respective privilege log have been disclosed to a third-party so as to constitute a waiver of an asserted privilege.

IX.  Both parties shall be entitled to submit expert reports, pursuant to Federal Rule of Civil Procedure 26(a)(2), during the expert discovery period, which will follow the extended fact discovery period. Plaintiff shall be required to either submit her supplemental expert report, if any, or inform Defendant that Plaintiff will not be submitting a supplemental expert report, by **August 14, 2006**. Plaintiff shall make her expert available for deposition by Defendant within thirty (30) days of either her submission of her supplemental expert report, or the date Plaintiff informs Defendant that no supplemental expert report will be submitted. Defendant shall

        designate any expert(s) it intends to call as a witness and submit its expert report(s) by **October 20, 2006**. Defendant shall make its expert(s) available for deposition by Plaintiff on or before **November 10, 2006**.

X.    The Scheduling Order is **AMENDED** as follows:

    A.    The period for fact discovery is re-opened and extended through and including **September 14, 2006**.

    B.    The period for expert discovery will run from **August 14, 2006** through and including **November 10, 2006**.

    C.    Dispositive motions, if any, will be due by **November 30, 2006**.

    D.    Responses to dispositive motions will be due by **January 12, 2007**, and replies to such responses will be due by **January 22, 2007**.

    IT IS SO ORDERED this 28th day of June, 2006.

                                        _____
                                        C. CHRISTOPHER HAGY
                                        UNITED STATES MAGISTRATE JUDGE